IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSHUA CLEMONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.  09-3297 |
| | ) |
| LARRY PHILLIPS, Facility Director, | ) |
| Rushville Treatment and Detention | ) |
| Facility, | ) |
| | ) |
| Respondent. | ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus as Unauthorized Second or Successive Petition (d/e 8) (Motion).  Petitioner Joshua Clemons has been found to be a sexually violent person pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 et seq. (Act).  He was committed to the custody of Respondent pursuant to the Act.  Petitioner previously filed a habeas petition challenging his custody.  Morris et al. v. Phillips, C.D. Ill. Case No. 07-3057.  The petition was dismissed on the merits with prejudice.  Morris v. Phillips, Opinion entered April 23, 2008

1

<u>(Case No. 07-3057 d/e 37) (2008 Opinion)</u>, at 6.

Petitioner must secure permission from the Seventh Circuit Court of Appeals before he may file another habeas petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner argues that he made an "as-applied" challenge to the Act in the prior petition, but now makes a facial challenge. <u>Petitioner's Response to Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Unauthorized Second or Successive Petition (d/e 9)</u>, at 1. Clemons could have brought a facial challenge in the prior proceeding, along with his as-applied challenge. He must bring all of his theories in one petition or secure permission from the Court of Appeals for the second petition. 28 U.S.C. § 2244(b)(3)(A).

The Petitioner also complains that he seeks habeas relief for his ongoing treatment. The Petition may not be a successive petition to the extent that Petitioner is challenging his treatment after his first petition was filed. Such a petition, however, challenges the specific conditions of confinement that the Petitioner is enduring. Such a challenge is an as-applied challenge to the Act. As explained in the 2008 Opinion, Petitioner can not secure habeas relief based on an as-applied challenge to the Act. <u>2008 Opinion, at 5-6</u>, see <u>Seling v. Young</u>, 531 U.S. 250, 264-65 (2001).

Petitioner must bring an action under 42 U.S.C. § 1983, or other applicable federal or state law, to challenge the conditions of his custody.  Habeas relief is not available.  The Motion is therefore allowed.

THEREFORE, Respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus as Unauthorized Second or Successive Petition (d/e 8) is ALLOWED.  The Petition for Habeas Corpus (d/e 1) is dismissed.  All motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  July 9, 2010

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE